IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| JAMES H. KNIGHT d/b/a J.R.'S RESTAURANT, STABLES DOWNTOWN GRILL, LLC., MARGARETE'S FINE CHOCOLATES, INC., MID-SOUTH MACHINERY, INC., EAST MAIN PAWN SHOP, INC., EAST MAIN MOTORS, INC., GIOVANNI KAYE DAVIS d/b/a ELVIS PRESLEY EAST HEIGHTS CLEANERS & LAUNDRY, GOODTIME CHARLIE'S, PHEBIE SANDEFER d/b/a FUGLEY'S SPORTS BAR & GRILL, WINFRED SHUMPERT d/b/a DR. LOVE'S BOTTOM LINE CLUB, MABEL ETHERIDGE d/b/a R & M LOUNGE, ROY TIMMS d/b/a BREW-HA'S BAR & GRILL, SANDRA ALFREDS d/b/a SANDI'S DESIGNATED DRIVERS | PLAINTIFFS |
| V. | CASE NO. 1:06-CV-00274 |
| CITY OF TUPELO | DEFENDANT |

## ORDER

Pursuant to this Court's orders from the bench given this day, the court hereby finds as follows:

In considering the plaintiff's request for a preliminary injunction to stay the enforcement of the City of Tupelo's Ordinance to Amend Chapter 13 and Add Article VI (Smoking Ban Ordinance), the court examined four requirements. A plaintiff must show 1) a substantial likelihood that the plaintiff will prevail on the merits; 2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted; 3) the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to the defendant; and 4) that granting the preliminary injunction will not disserve the public interest. A preliminary injunction is an extraordinary remedy which should only be granted if the party seeking the injunction has clearly

carried the burden of persuasion on all four requirements.

While the evidence presented made a close case, this court has determined that there is no substantial likelihood that the plaintiff will prevail on the merits. It is well within the authority of the City of Tupelo to enact such an ordinance. Failure on this element alone defeats the plaintiffs' request for a preliminary injunction.

However, the court also finds that the following language in Section 13-62 of Tupelo's Smoking Ban Ordinance is unconstitutional and therefore STRIKES the language "whenever they may deem it necessary" in accordance with the severability provision of this ordinance. This court also interprets the definition of "public place" in the ordinance to mean the enclosed area to which the public is invited or permitted or customarily used by the general public. The plain language of the ordinance does not include an entire building if the general public is not generally invited into that portion of the building. Should the City wish to expand this definition, then clarifying amendments to the ordinance should be effected. As this court finds that the plaintiffs failed to meet the four requirements necessary to obtain a preliminary injunction beyond the relief granted herein above, the plaintiffs' request for a preliminary injunction is DENIED.

This the 9th day of November, 2006.

                                              **/s/ Michael P. Mills**
                                              **UNITED STATES DISTRICT JUDGE**